

**IT IS ORDERED**

**Date Entered on Docket: January 3, 2018**

_____
**The Honorable Robert H Jacobvitz**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

VIOLET MARY TABET,   Cause No. 17-11338-j7

Debtor.

## STIPULATED ORDER GRANTING KO CAPITAL, LLC RELIEF FROM STAY AND ABANDONMENT OF PROPERTY

This matter came before the Court on the Motion for Relief from Stay and to Abandon Property filed on August 31, 2017, Doc. 30, (the "Motion") by KO Capital, LLC ("Movant"). The Debtor objected to the Motion by an objection filed on September 8, 2017 as Doc. 33 (the "Debtor Objection"). The Trustee objected to the Motion by an objection filed on September 14, 2017, Doc. 39 (the "Trustee Objection"). The Motion was set for final hearing on October 19, 2017 (the "Final Hearing") to be held contemporaneously with the final hearing on the Debtor's Motion to Convert to Chapter 13 filed on August 10, 2017 as Doc. 22 (the "Motion to Convert").

At the Final Hearing on the Motion the Movant, Debtor and Trustee informed the court that they had resolved the Motion to Convert. The agreed resolution included lifting the

bankruptcy stay with respect to Movant's collateral, provided that Movant would not proceed with foreclosure of the San Miguel Property identified in the Motion if the Trustee obtains court authorization to market the property consistent with the terms of the settlement terms (the "Settlement") between Trustee and KO Capital by February 19, 2018. The Trustee and KO Capital have determined that having the Trustee market the property is not practical and therefore will not be proceeding with the Settlement. The Trustee, Debtor and KO Capital do agree the Bankruptcy Stay should be modified as set forth in this Stipulated Order.

Court, having reviewed the record and the Motion, listened to Counsel's presentation at the final hearing on October 19, 2017, and being otherwise sufficiently informed, FINDS:

(a) On August 31, 2017, Movant served the Motion and a notice of the Motion (the "Notice") on counsel of record for the Debtor and the case trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1. (Doc. 31). The Movant did not directly serve a copy of the Motion on the Debtor, but the Debtor filed a response to the Motion without raising that issue, and because the Debtor has approved this Order, the Court finds the Debtor did receive adequate notice.

(b) The Motion relates to the following property:

EXHIBIT A

Lots numbered Twenty-two (22), Twenty-three (23), and Twenty-four (24) in Block lettered "I" of the ATLANTIC AND PACIFIC ADDITION to the City of Albuquerque, New Mexico, as the same are shown and designated on Maps of said Addition filed in the office of the Probate Clerk and Ex-officio Recorder of Bernalillo County, New Mexico on April 24, 1888.

and

The West Eleven (11) feet of Lot numbered Nine (9) and all of Lots numbers Ten (10), Eleven (11) and Twelve (12) in Block Lettered "I" of the NEW MEXICO TOWN COMPANY'S ORIGINAL TOWNSITE, of Albuquerque, New Mexico and the ATLANTIC AND PACIFIC ADDITION to said boundary line between the Original Townsite and the Atlantic and Pacific Addition filed in the office of the Probate Clerk and Ex-officio Recorder of Bernalillo County, New Mexico, November 24, 1882.

and

Tracts "A" and "B" in Block "I" of ATLANTIC AND PACIFIC ADDITION to the City of Albuquerque, New Mexico as the same are shown and designated on the plat thereof filed in the office of the County Clerk of Bernalillo County, New Mexico on June 2, 1978.

and

TOWNSHIP 12 NORTH, RANGE 15 EAST, NMPM, SAN MIGUEL COUNTY, NEW MEXICO:

| Section 11: | W1 SE/4, SE/4 SW/4 |
| Section 23: | S/2 |
| Section 36: | W/2, NW/4 |
| Section 27: | NE/4, S/2 SE/4, NW/4 NW/4 |
| Section 35: | N3W4 |

including any improvements, fixtures, and attachments. (the "Property"). At the Final Hearing the Debtor's counsel stated that Debtor does not claim any ownership interest in the real property located in Bernalillo County. The real property located in San Miguel County does not have a street address.

(c) The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

-3-

(e) The only objections filed to the Motion are the Trustee Objection and the Debtor Objection. Both objections are resolved by this Stipulated Order.

IT IS THEREFORE ORDERED:

1. The relief granted by this Order is effective immediately.

2. Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

   (a) To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor or the Property, or both, in any court of competent jurisdiction; and

   (b) To exercise any other right or remedy available to them under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Movant need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, although the Debtor can be named as a defendant in litigation to obtain an *in rem* judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

4. This Order does not waive Movant's claim against the estate for any deficiency owed by the Debtor after any foreclosure sale or other disposition of the Property. Movant may filed an amended proof of claim this bankruptcy case within 30 days after a foreclosure sale of the Property, should it claim that Debtors owe any amount after the sale of the Property.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

### END OF ORDER ###

Submitted by:

SMIDT, REIST & KELEHER, P.C.

By: /s/ WRK
William R. Keleher
4811 A-4 Hardware Drive, NE
Albuquerque, NM 87109
505-830-2200
wkeleher@srklawnm.com
*Attorneys for the Plaintiff*


Approved by:

HUME LAW FIRM

Approved by email 12/28/2017
James Clay Hume
PO Box 10627
Alameda, NM 87184-0627
505-888-3606
Email: James@hume-law-firm.com
*Attorney for the Debtor*
ASKEW & MAZEL, LLC

Approved by email 12/28/2017
Bonnie P. Bassan

1122 Central Ave. SW; Suite 1
Albuquerque, NM 87102
505-433-3097
Fax : 505-717-1494
Email: bonniebassan@askewmazelfirm.com
*Attorneys for Trustee Philip J. Montoya*